# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:09CR00041-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| TIMOTHY JAMES McNEW, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Mary Katherine Carnell, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant's supervised release has been revoked and a sentence of imprisonment imposed. The question before the court is the proper permissible length of a further term of supervised release.

The defendant was originally sentenced in the Southern District of Texas after a plea of guilty to transporting an illegal alien. 8 U.S.C.A. § 1324(a)(1)(A)(ii) (West 2005 & Supp. 2012). He received a term of imprisonment, plus a term of supervised release to follow. Following his release from prison, his supervision was transferred to this court.

In 2010, the defendant's supervised release was revoked by this court and he was sentenced to six months of custody, to be followed by another term of

supervised release. He was released from custody in 2011. A second revocation has now occurred and he has been sentenced to 14 months of imprisonment. Because of his prior conduct, the court desires to sentence him to the maximum period of supervision following completion of this latest term of imprisonment, in order to better insure his rehabilitation and protect the public from future criminal conduct. *See* 18 U.S.C.A. § 3583(c) (West Supp. 2012). A question has arisen as to the maximum duration of such supervision.

The defendant's original crime had a statutory maximum of five years imprisonment, 18 U.S.C.A. § 1324(a)(1)(B)(ii) (West 2005), and thus was a Class D felony, 18 U.S.C.A. § 3581(b)(4) (West 2000). Pursuant to 18 U.S.C.A. § 3583(h) (West 2000), where a term of supervised release is revoked, and the defendant is sentenced to a term of imprisonment that is less than the maximum authorized, he may be placed on a term of supervision not to exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, "less any term of imprisonment that was imposed upon revocation of supervised release."

The defendant's original crime, as a Class D felony, had a maximum term of supervision of three years. 18 U.S.C.A. § 3583(b) (West 2000). The Fourth Circuit has held that the plain language of § 3583(h) requires that periods of imprisonment imposed for all revocations must be aggregated in determining the

maximum permitted for the period of supervision imposed for the latest revocation. *United States v. Maxwell*, 285 F.3d 336, 341 (4th Cir. 2002).

Accordingly, the maximum period of supervision for the defendant's supervision is 36 months, less the aggregation of all terms of imprisonment imposed following revocation, which is 20 months. Thus, the defendant is sentenced to 16 months of supervision following his imprisonment for this revocation.[1]

It is so **ORDERED**.

ENTER: November 30, 2012

/s/ James P. Jones
United States District Judge

---

[1] This is a different issue from the maximum period of imprisonment for a revocation. Before Congress amended 18 U.S.C.A. § 3583(e)(3) (West Supp. 2012) in 2002, the maximum duration of imprisonment was limited by the aggregation of all terms of imprisonment for revocation. *See United States v. Williams,* 425 F.3d 987, 989 (11th Cir. 2005). Congress has not similarly amended § 3583(h) as to the maximum duration of supervision. That is likely because the aggregation requirement for supervised release prevents "an endless cycle of consecutive terms of imprisonment and supervised release based on a single underlying offense." *United States v. Jackson*, 329 F.3d 406, 408 (5th Cir. 2003).